UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. NAEGELE,<br><br>    Plaintiff,<br><br>    v.<br><br>DEANNA J. ALBERS, RAYMOND H. ALBERS II, LLYOD J. MICHAELSON, AND , DOES 1-10,<br><br>    Defendants. | Civil Action No. 03-2507 (RMU/JMF) |

**ORDER**

The above-captioned case was referred to me for resolution of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.'s Motion for Leave to Withdraw as Plaintiff's Counsel of Record and to Strike Appearance [#76]. For the reasons stated below, the court orders that Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. ("Hall Estill") submit a brief explaining why it should be permitted to withdraw as counsel under United States District Court for the District of Columbia Local Rule 83.6.

In order to withdraw an appearance for a party, an attorney must obtain leave of the court if "a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney . . .." Local Rule 83.6(c). "The court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." Local Rule

83.6(d).

In support of its motion, Hall Estill stated, "Due to conflicts of interest which have arisen recently (and which counsel can describe with more specificity to the Court, if requested by the Court), which mandate counsel's withdrawal, the continued representation of Plaintiff by Hall Estill is and would continue to be inappropriate." (Motion for Leave to Withdraw ¶ 2.) Hall Estill further stated that it has been counsel for plaintiff since the inception of this case and that plaintiff has not consented to its withdrawal as counsel. (Motion for Leave to Withdraw ¶¶ 1 and 3.)

Based on the information currently before the court, I am unable to determine whether Hall Estill's withdrawal would unduly delay the trial of the case, be unfairly prejudicial to any party, or otherwise not be in the interest of justice. Therefore, it is, hereby, **ORDERED** that Hall Estill submit to this court, no later than October 10, 2005, a brief explaining:

1. The nature of Hall Estill's conflict of interest;
2. Why Hall Estill's withdrawal would not unduly delay the resolution of this case; and
3. Why Hall Estill's withdrawal would not be unfairly prejudicial to any party.

The court appreciates that counsel may have ethical concerns with regard to disclosing information about the nature of its conflict of interest or otherwise. Therefore, if counsel believes that it is improper to disclose such information, then counsel may seek leave to file that portion of its brief under seal and not make that portion available to defendants.

It is further **ORDERED** that any opposition of plaintiff or defendants to Hall Estill's

brief shall be filed no later than October 24, 2005.

**SO ORDERED.**

                                                                              _____

JOHN M. FACCIOLA  
UNITED STATES MAGISTRATE JUDGE

Dated: _____