UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. NAEGELE,<br><br>    Plaintiff,<br><br>    v.<br><br>DEANNA J. ALBERS, RAYMOND H. ALBERS II, LLYOD J. MICHAELSON, and DOES 1-10,<br><br>    Defendants. | Civil Action No. 03-2507 (RMU/JMF) |

**MEMORANDUM ORDER**

The above-captioned case was referred to me for resolution of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.'s Motion for Leave to Withdraw as Plaintiff's Counsel of Record and to Strike Appearance [#76] ("Motion to Withdraw"), which, for the reasons stated herein, is **GRANTED.**

    **I.    DISCUSSION**

In its Motion to Withdraw, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. ("Hall Estill") stated, "Due to conflicts of interest which have arisen recently (and which counsel can describe with more specificity to the Court, if requested by the Court), which mandate counsel's withdrawal, the continued representation of Plaintiff by Hall Estill is and would continue to be inappropriate." (Motion to Withdraw ¶ 2.) Hall Estill further stated that it has been counsel for plaintiff since the inception of this case and that plaintiff has not consented to its withdrawal as counsel. (Motion to Withdraw ¶¶ 1, 3.)

On September 26, 2005, I ordered Hall Estill to submit a brief explaining why its withdrawal as counsel for plaintiff would be permissible under Rule 83.6 of the Local Civil Rules of the United States District Court for the District of Columbia.  In the order, I provided plaintiff and defendant until October 24, 2005 to oppose.  Under Local Rule 83.6, an attorney must obtain leave of the court to withdraw if "a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney . . .."  Local Rule 83.6(c).  "The court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice."  Local Rule 83.6(d).

On October 11, 2005, Hall Estill filed a *redacted* <u>Memorandum in Support of Motion for Leave to Withdraw as Plaintiff's Counsel of Record and to Strike Appearance</u> [#80] and a <u>Motion for Leave to File Under Seal *Unredacted* Brief Detailing Reasons for Motion for Leave to Withdraw as Plaintiff's Counsel of Record</u> [#79] ("Motion to File Under Seal").  I granted the Motion to File Under Seal.

After reviewing Hall Estill's unredacted brief and considering the conflict of interest described therein, I find that allowing Hall Estill to withdraw as counsel for plaintiff is in the interests of justice.  The nature of Hall Estill's conflict is such that it would outweigh any possible delay in the trial of the case or other prejudice to either plaintiff or defendant.  Furthermore, neither defendant nor plaintiff has filed an opposition to Hall Estill's brief.

## II.     CONCLUSION

For the foregoing reasons, Hall Estill's Motion to Withdraw is **GRANTED.**

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: