# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TIMOTHY D. NAEGELE,          :
                                   :
            Plaintiff,          :    Civil Action No.:   03-2507 (RMU)
                                   :
            v.                 :    Re Document No.:  102
                                   :
DEANNA J. ALBERS *et al.*,       :
                                   :
            Defendants.      :

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for a temporary restraining order. The plaintiff is an attorney who contends that the defendants, his former clients, failed to pay him for certain legal services. The defendants maintain that they were overcharged and should not be required to pay for the plaintiff's services. After this fee dispute arose, the defendants sought resolution of this matter via arbitration in California. The plaintiff now moves for a temporary restraining order, asking this court to issue an injunction that would stay any proceedings in the Los Angeles County Superior Court that relate to the arbitration. Because the plaintiff has not demonstrated a substantial likelihood of success on the merits or an irreparable injury, the court denies his motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. Statutory Framework

This case involves a fee dispute arising out of an attorney-client relationship that originated in California. *See generally* Am. Compl. California's Mandatory Fee Arbitration

Act, CAL. BUS. & PROF. CODE §§ 6200 *et seq.*, provides the relevant statutory framework for

resolving attorney-client fee disputes that originate in California.  *See Meis & Waite v. Parr*, 654

F. Supp. 867, 868 (N.D. Cal. 1987).  Specifically, if there is an attorney-client fee dispute, the

client has a statutory right to arbitrate the matter.  CAL. BUS. & PROF. CODE §§ 6200(b), 6200(c),

6201.  If the client chooses to arbitrate, the attorney must join the arbitration proceedings.  *Id.*;

*see also Meis and Waite*, 654 F. Supp. at 686.  The result of this arbitration is normally

nonbinding.  *Schatz v. Allen Matkins Leck Gamble & Mallory LLP*, 198 F.3d 1109, 1118 (Cal.

2009).  Accordingly, a party who disagrees with the result reached by the arbitration panel may

initiate a lawsuit to challenge the arbitrators' decision.  *Id.*  One important exception applies,

however; if one of the parties willfully fails to appear at the arbitration hearing, that party cannot

later challenge the result in a separate lawsuit.  CAL. PROF. & BUS. CODE § 6204(a).


## B.  Factual & Procedural History

The plaintiff, Timothy D. Naegele, is an attorney who practices in California and

Washington, D.C.  Am. Compl. ¶ 4.  The defendants, Deanna Albers and Raymond Albers II, are

two of the plaintiff's former clients.  *Id.* ¶¶ 4-6.  After a dispute over legal fees arose between the

parties, the plaintiff brought suit in this court.  *Id.* ¶¶ 11-48.  At the same time, the defendants

elected to initiate arbitration hearings under California's Mandatory Fee Arbitration Act, and a

hearing before a panel of arbitrators subsequently took place in Los Angeles, California.  Defs.'

Opp'n to Pl.'s Mot. at 2.[1]

---

[1]     The plaintiff's motion is duplicative of an earlier motion filed by the plaintiff titled "Motion for
Stay and for Permanent Injunction."  Because the plaintiff's motion for a temporary restraining
order merely restates the arguments raised in his previous motion, the court will cite to the earlier
motion and subsequent briefing.

The plaintiff did not appear at the arbitration panel.  *Id.*  Shortly thereafter, the panel ruled against him.  Pl.'s Opp'n to Defs.' Mot. to Dismiss, Ex. B, Arbitration Award Opinion ("Arbitration Award") at 1.  The panel ruled that the plaintiff was not entitled to recover any fees from the defendants and that the plaintiff had repeatedly pursued meritless litigation at a needlessly great cost.  *Id.* at 7-8.  The panel thus concluded that the plaintiff owed the defendants $735,481.32 for legal fees.  *Id.*

In February 2012, the plaintiff filed a motion for a temporary restraining order.  *See generally* Pl.'s Mot.  The plaintiff's motion seeks an injunction that would stay any proceedings in the Los Angeles County Superior Court that relate to the arbitration.  *Id.*  With that motion now ripe for adjudication, the court turns to the relevant legal standards and the parties' arguments.

## III. ANALYSIS

### A.  Legal Standard for a Temporary Restraining Order

This court may issue interim injunctive relief only when the movant demonstrates "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218-19 (2008)).  It is particularly important for the movant to demonstrate a likelihood of success on the merits.  *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam).  Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The other critical factor in the injunctive relief analysis is irreparable injury.  A movant must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 129 S. Ct. at 375 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).  Indeed, if a party fails to make a sufficient showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors.  *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).  Provided the plaintiff demonstrates a likelihood of success on the merits and of irreparable injury, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987).  Finally, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

As an extraordinary remedy, courts should grant such relief sparingly.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Id.*  Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly.  In addition, any injunction that the court issues must be carefully circumscribed and "tailored to remedy the harm shown." *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990).

### B.  The Plaintiff Fails to Demonstrate a Substantial Likelihood of Success on the Merits

The plaintiff argues that the Anti-Injunction Act, 28 U.S.C. § 2283, grants this court the power to enjoin certain state court proceedings that are currently underway in California.  *See*

Pl.'s Mot. at 6.  More specifically, the plaintiff contends that the Anti-Injunction Act does not limit this court's ability to enjoin a California state court proceeding because the case that he initiated in this court was somehow "removed" from the state court in California.  *Id.*  The defendants counter that the plaintiff flatly misconstrues the record, as the plaintiff clearly brought suit in the District Court for the District of Columbia.  Defs.' Opp'n at 4.  They therefore conclude that the Anti-Injunction Act prohibits this court from enjoining any proceedings in the Los Angeles County Superior Court.  *Id.*

The Anti-Injunction Act forbids federal courts from issuing injunctions to stay proceedings in state courts unless one of three enumerated exceptions applies.  28 U.S.C. § 2283.  More specifically, a court of the United States may not grant an injunction to stay proceedings in a state court unless (1) expressly authorized by an act of Congress, (2) an injunction is necessary to aid the federal court's jurisdiction, or (3) an injunction is necessary to protect or effectuate the federal court's judgments.  *Id.*  The Anti–Injunction Act serves as "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the Act's] three specifically defined exceptions."  *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).  These statutory exceptions are not to be enlarged by "loose statutory construction."  *Id.* at 287; *see Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 514 (1955) ("[T]he prohibition [of § 2283] is not to be whittled away by judicial improvisation.").  Animating the Anti–Injunction Act is Congress' focus on the delicate balance between federal and state courts' respective spheres of authority.  *See Toucey v. N.Y. Life Ins. Co.*, 314 U.S. 118, 135 (1941) ("The Act . . . expresses the desire of Congress to avoid friction between the federal government and the states resulting from the intrusion of federal authority into the orderly functioning of a state's judicial process.").  Courts therefore recognize that "any

doubts are to be resolved in favor of allowing the state court action to proceed." *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir. 1988) (en banc).

The plaintiff is correct to note that a federal court may enjoin state proceedings if the plaintiff brought suit in state court but the defendants removed to federal court. *See 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 407 & n.5 (3d Cir. 1992) (concluding that a federal injunction of ongoing state proceedings in a case that has been removed to federal court falls within the first or third exception to the Anti-Injunction Act). That is not what occurred here. The plaintiff's action was originally filed in the U.S. District Court for the District of Columbia. *See* Compl. The court therefore concludes that the plaintiff's contention has no merit.

Beyond this argument, the plaintiff has not made any further effort to show that this court has the power to enjoin California's state court proceedings. Moreover, the court's independent analysis of the case law does reveal any legal doctrine allowing such an injunction. Cases often fall in the second exception to the Anti-Injunction Act if both a federal and state court undertake parallel *in rem* proceedings that concern the same subject matter. *See In re Abraham*, 421 F.2d 226, 228 (5th Cir.1970) (holding that an injunction of state court proceedings was proper if the federal court had initial, prevailing jurisdiction over the disputed property); *cf. In re Am. Honda Motor Co., Inc., Dealerships Relations Litig.*, 315 F.3d 417, 439 (4th Cir. 2003) ("The 'necessary in aid of its jurisdiction' exception to the Anti–Injunction Act is widely understood to apply most often when a federal court was the first in obtaining jurisdiction over a *res* in an *in rem* action and the same federal court seeks to enjoin suits in state courts involving the same *res*."). Because this action is not *in rem*, this exception does not apply here. Similarly, it is commonly held that the second exception to the Anti-Injunction Act applies if a federal court

has already issued an injunction that future state court proceedings might disturb.  *See Valley v. Rapides Parish Sch. Bd.*, 646 F.2d 925, 943-44 (5th Cir. 1981); *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 501 F.2d 383, 383-84 (4th Cir. 1974).  This court has not issued any injunctions, so this doctrine is inapposite to the present matter.  Finally, the third exception applies if an injunction is necessary to protect a federal court's judgments from repeal in future state proceedings.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1104 (11th Cir. 2004).  As no judgment has been issued in this action, however, this exception does not apply either.

Accordingly, neither the plaintiff's suggestions nor the court's independent scrutiny of the case law reveal any legal basis for the injunction the plaintiff seeks.  The court thus concludes that the plaintiff has failed to demonstrate a substantial likelihood of success on the merits.

### C.  The Plaintiff Fails to Demonstrate that He Will Suffer an Irreparable Injury

The plaintiff claims that he will be subject to "great and immediate" injury if the arbitration panel's decision is enforced against him.  Pl.'s Mot. at 6.  The defendants do not address this argument in their opposition.

It is well-settled that economic loss alone will rarely constitute irreparable harm.  *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Barton v. District of Columbia*, 131 F. Supp. 2d 236, 247 (D.D.C. 2001).  This is because economic injuries are generally reparable with monetary damages in the ordinary course of litigation.  *Air Transport Ass'n of Am., Inc., v. Export-Import Bank of the U.S.*, 2012 WL 119557, at *6 (Jan. 13, 2012).  A narrow exception applies, however, in the business context: a court may deem financial harms irreparable if the potential harm would threaten the business' very existence.

*E.g.*, *Wis. Gas Co.*, 758 F.2d at 674; *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1248 (E.D.N.Y. 1986) (explaining that "the plaintiff must quite literally find himself being forced into the streets or facing the spectre of bankruptcy before a court can enter a finding of irreparable harm").

Here, there is no evidence before the court except the plaintiff's characterization of his potential financial harm as "great and immediate." Pl.'s Mot. at 6. Although the court agrees that the sum of money at stake is substantial, financial harms may be remedied through the normal judicial process. *Air Transport Ass'n of Am., Inc.*, 2012 WL 119557, at *6; *Wis. Gas Co.*, 758 F.2d at 674. In addition, the plaintiff has submitted no evidence to suggest that this potential financial hardship will immediately affect his well-being. On that note, the court observes that California law allows a party in the plaintiff's situation to propose a gradual payment plan to satisfy the type of judgment the plaintiff may face in the present matter. CAL. BUS. & PROF. CODE § 6204(d). In addition, California law provides that an arbitration award will not be enforced if it is shown that the attorney is unable to pay. *Id.* In sum, the plaintiff has not demonstrated that he will suffer an immediate harm for which there is no legal remedy. The court therefore concludes that the plaintiff has not demonstrated that he will suffer an irreparable injury for the purposes of obtaining interim injunctive relief.

### D. Because the Plaintiff Has Not Demonstrated the First Two Elements, the Court Denies the Plaintiff's Motion for a Temporary Restraining Order

If a party moving for injunctive relief fails to show irreparable injury, the court need not consider the remaining factors for issuance of a preliminary injunction. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (stating that because the movant "has made no showing of irreparable injury here, that alone is sufficient for us to conclude that

the district court did not abuse its discretion by rejecting [the movant's] request.  We thus need

not reach the district court's consideration of the remaining factors relevant to the issuance of a

preliminary injunction").  Accordingly, the court need not advance any further and may instead

conclude that the plaintiff has failed to prove his entitlement to interim injunctive relief.  The

court thus denies the plaintiff's motion for a temporary restraining order.


## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for a temporary

restraining order.  An Order consistent with this Memorandum Opinion is separately and

contemporaneously issued this 21st day of February, 2012.


RICARDO M. URBINA
United States District Judge