UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY D. NAEGELE,** | |
| Plaintiff, | |
| v. | Civil Action No. 03-cv-2507 (RLW) |
| **DEANNA J. ALBERS,** *et al.* | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

For the reasons set forth herein, Plaintiff Timothy D. Naegele ("Plaintiff" or "Naegele") is hereby **ORDERED TO SHOW CAUSE** in writing as to why the Court should not **STAY** this action in its entirety pending the resolution of parallel and/or overlapping California state court litigation surrounding the same fee dispute at the center of this action. Plaintiff shall also **SHOW CAUSE** as to why the Court should not find that he "willfully fail[ed] to appear at the arbitration hearing" before the Los Angeles Bar Association's Dispute Resolution Services, within the meaning of California Business and Professions Code § 6204(a).

### Background

The Court begins with a brief summary of these proceedings. This lawsuit was filed in December 2003, long before the undersigned took the bench, and, as one might expect, it has a long and gnarled history. For present purposes, however, the Court focuses only on the salient developments.

At its core, this case arises out of a fee dispute between Naegele, an attorney presently litigating *pro se*, and his former clients, Deanna J. Albers and Raymond H. Albers II (collectively, "the Albers"), whom Naegele formerly represented in a lawsuit in the United States

1

District Court for the Central District of California and, subsequently, in the ensuing appeal before the United States Court of Appeals for the Ninth Circuit. In this action, Naegele alleges that the Albers breached their fee agreement and failed to pay him for fees earned in connection with the Ninth Circuit appeal, which appear to total $82,000.00. Naegele, who was originally represented by counsel, filed his Complaint on December 8, 2003, asserting eight counts against the Albers and Lloyd J. Michaelson ("Michaelson")—an attorney who Naegele alleges "advised the Albers to take certain actions" in their fee dispute with Naegele. (*See* Dkt. No. 1, Compl.).

Before Naegele filed his lawsuit here in the District of Columbia, however, the Albers, back in California, invoked their statutory right to mandatory fee arbitration pursuant to California's Mandatory Fee Arbitration Act ("MFAA"), CAL. BUS. & PROF. CODE §§ 6200, *et seq*. The Albers were represented by Michaelson in connection with their fee arbitration, and Michaelson notified Naegele of the Albers' intention to proceed with mandatory arbitration via letter on August 28, 2003. (Dkt. No. 36-1 at ¶¶ 2-3). In addition, it appears that the Los Angeles County Bar Association's Dispute Resolution Services—which administers fee arbitrations under the MFAA—forwarded a copy of the Albers' petition for arbitration to Naegele on or around September 22, 2003. (*Id.*). Under the MFAA, the initiation of fee arbitration precludes the concurrent prosecution of any court action surrounding the fee dispute, and any judicial action that was pending prior to the commencement of fee arbitration is "automatically stayed until the award of the arbitrators is issued or the arbitration is otherwise terminated." CAL. BUS. & PROF. CODE § 6201(c). Nonetheless, Naegele forged ahead and filed his Complaint with this Court in December 2003, ostensibly relying on a venue selection clause in his fee addendum with the Albers, which stated that "any disputes or litigation arising out of this [fee] agreement

shall be in a court of the District of Columbia and/or in the United States District Court for the District of Columbia." (*See* Dkt. No. 1-4, at ¶ 3).

Shortly thereafter, on January 5, 2004, the Albers and Michaelson filed and served "Notices of Automatic Stay under California Business and Professions Code § 6201(c)." (Dkt. Nos. 2, 3, 4). Before the Court acted on those filings, however, Naegele filed a First Amended Complaint on April 20, 2004, (Dkt. No. 7), which prompted the Albers and Michaelson to file additional Notices of Stay on May 3, 2004, (Dkt. Nos. 19, 20, 21).[1] A flurry of filings followed, most of which are not germane to the issues presently before the Court. Ultimately, on January 3, 2005, Judge Ricardo Urbina—who originally presided over this case before it was transferred to the undersigned—issued a Memorandum Opinion and Order that, *inter alia*, dismissed Michaelson from this action for lack of personal jurisdiction and granted the Albers' request for a stay pending the completion of the California fee arbitration. *See Naegele v. Albers*, 355 F. Supp. 2d 129 (D.D.C. 2005).

Meanwhile, it appears that the fee arbitration in Los Angeles had already proceeded to a hearing on November 17, 2004, although the arbitration panel did not issue its award until January 14, 2005. (*See* Dkt. No. 92-3).[2] In rendering its award, the panel reviewed the

---

[1] Through his First Amended Complaint, Naegele asserted the following claims: (1) Breach of Contract (*Count I*); (2) Breach of Contract – Anticipatory Breach (*Count II*); Breach of Contract – Estoppel (*Count III*); (4) Fraud and Deceit (*Count IV*); (5) Common Law Conspriacy to Commit Fraud and Deceit (*Count V*); (6) Negligent Misrepresentation (*Count VI*); (7) Tortious Interference with Contract (*Count VII*); and (8) Conspiracy to Commit Tortious Interference with Contract (*Count VIII*). (Dkt. No. 7). As best the Court can tell, these claims were essentially unchanged from his original Complaint. Naegele asserted Counts I-VI against the Albers, and Michaelson was named as a defendant only as to Counts V, VII, and VIII. (*Id.*).

[2] In connection with those arbitration proceedings, Naegele objected to the jurisdiction of Dispute Resolution Services over his fee dispute with the Albers, relying on the above-described venue-selection clause. (Dkt. No. 8-1). Dispute Resolution Services overruled Naegele's objection, however, and concluded that it had jurisdiction. (Dkt. Nos. 56-6, 56-7). Thereafter, Naegele even went so far as to appeal that determination to the California Supreme Court, where

3

reasonableness of both: (1) the amount of attorneys' fees the Albers had already paid Naegele in connection with their original lawsuit in the Central District of California, totaling a staggering $735,481.32; and (2) the $82,000 promissory note Naegele had secured from the Albers for his anticipated work on the Albers' appeal with the Ninth Circuit. (*Id.*). Based on the evidence presented at the arbitration hearing, the panel issued the following award:

1. The panel finds that the total amount of fees and other costs which should have reasonably and necessary [sic] been charged in this matter are $8500.00 (20 hours at $425/hr.).

2. The clients (Albers) have overpaid (Naegele) $726,981.32 ($735,481.32 - $8500.00).

3. Naegele shall refund clients (Albers) the sum of $726,981.32 forthwith.

4. The panel finds Naegele willfully failed to appear at the hearing for non-binding arbitration and produce documents as required under the Rules, and should not be entitled to a new trial after arbitration pursuant to Rule 40 of the Rules For Conduct of Arbitration of Fee Disputes and Other Related Matters for the Los Angeles County Bar Association Dispute Resolution Services, Inc.

5. All arbitration related fees and costs shall be paid or reimbursed by Respondent Naegele.

(*Id.*). The panel also made express findings that Naegele willfully chose not to personally appear for the arbitration hearing, and that he willfully failed to produce to the arbitration panel a copy of the file for his work on the Albers' case(s):

> [T]he conduct of Naegele upon learning of the decision of John S. Chang, Presiding Arbitrator for the State Bar of California Office of Mandatory Fee Arbitration, that this panel did have jurisdiction to adjudicate the fee dispute between Albers and Naegele, in not appearing as he was compelled to do, and in refusing to produce the Albers' file as he was required to do by Business and Professions Code 6200 applicable to the arbitration hearing, was willful.

(*Id.*).

---

Naegele's petition for review was denied by former Chief Justice Ronald George on February 16, 2005. (Dkt. No. 92-3, at ECF p. 30).

On February 22, 2005, Naegele filed a "Rejection of Arbitration Award and Request for Trial" in this Court, invoking California Business and Professions Code § 6204. (Dkt. No. 64). Therein, Naegele principally asserted that "the arbitrators had no jurisdiction *ab initio* owing to a valid and binding forum-selection clause that provides for the District of Columbia's exclusive jurisdiction with respect to 'any disputes or litigation' arising between Plaintiff and the Albers." (*Id.* at 2). In turn, Naegele argued that "the arbitration award is a nullity as a matter of law." (*Id.*). Shortly thereafter, on April 20, 2005, the Albers filed a motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction, among other grounds. (Dkt. No. 68). On August 8, 2005, Judge Urbina denied Naegele's "Motion for Trial" via Minute Order: "Because the court is on notice of the plaintiff's objection to the arbitration award, and in light of the defendants' pending motion to dismiss, the court denies without prejudice the plaintiff's motion for trial." (*See* Minute Entry, Aug. 8, 2005).

At this point, the case began to move in fits and starts. Naegele's attorney sought leave to withdraw as counsel, which the Court approved on October 28, 2005. (Dkt. No. 82). Thereafter, nearly seven months later, Naegele filed a motion to stay this action on May 11, 2006, in light of criminal bankruptcy fraud charges brought against him by the United States Attorney for the District of Columbia. (Dkt. No. 87). Judge Urbina granted that stay request on June 6, 2006. (Dkt. No. 89).

Nearly two years later, after Naegele was acquitted of those criminal charges, the Albers filed a motion to lift the stay in this case on April 14, 2008; more than nine months later, in the absence of any action on that request, the Albers re-filed an identical motion on January 15, 2009. (Dkt. Nos. 90, 91). Ultimately, Judge Urbina lifted the stay on June 17, 2009. (*See* Minute Entry, June 17, 2009). Nine months passed again without any developments in this case

5

until, on March 31, 2010, the Albers renewed their motion to dismiss, which the Court apparently still had not ruled upon. (Dkt. No. 92). On the heels of the Albers' renewed motion, Naegele sought leave to file a Second Amended Complaint on April 12, 2010, principally to assert additional claims against both the Albers and Michaelson based on their alleged wrongful involvement in inciting the criminal indictment handed down against Naegele. (Dkt. No. 93).

Meanwhile, back in California, the Albers had filed a petition to confirm their arbitration award in California Superior Court on January 13, 2009,[3] in a matter designated *Raymond H. Albers II v. Timothy D. Naegele*, Los Angeles Superior Court, Northwest Division, Case No. LS018168. (Dkt. No. 93-2). Eventually—but not until nearly three years after the Albers filed that case—Naegele sought injunctive relief from this Court on December 23, 2011, asking Judge Urbina to stay the Albers' California action until the instant litigation was resolved. (Dkt. No. 99). According to Naegele, his delay in seeking such relief was due to the fact that the California proceedings "effectively sat dormant until a new judge was assigned to the case." (*Id.* at 5). The parties fully briefed Naegele's preliminary injunction motion, but before Judge Urbina ruled on the request, Naegele moved for a temporary restraining order seeking the same relief on February 16, 2012. (Dkt. No. 102). By that time, the California Superior Court had already confirmed the Albers' arbitration award, and the Albers had been directed to submit a proposed judgment by no later than February 28, 2012. (*See* Dkt. No. 103 at 2). Through his request for a temporary restraining order, Naegele sought to obtain relief before the California judgment was entered, averring that "[o]nce the Albers and Michaelson have a judgment [from California

---

[3] Apparently, the Albers had previously filed a petition to confirm their arbitration award in Los Angeles Superior Court back in 2005, but they agreed to dismiss that case without prejudice, in an effort to allow the pending litigation in this courthouse to run its course. (Dkt. No. 93-3). Ultimately, however, it seems that the Albers were running up against a statute of limitations in California and, to preserve their rights, went ahead and filed confirmation proceedings in January 2009.

Superior Court] in hand, there will be no way to stop them and the Plaintiff will be irreparably injured." (Dkt. No. 103 at 2).

Judge Urbina denied Naegele's motion for a temporary restraining order on February 21, 2012. *Naegele v. Albers*, 843 F. Supp. 2d 123 (D.D.C. 2012). In so doing, Judge Urbina found that Naegele failed to demonstrate a likelihood of success on the merits, and also that Naegele was unable to articulate the requisite irreparable harm. *Id.* Naegele never appealed the denial of his motion for a temporary restraining order to the U.S. Court of Appeals for the D.C. Circuit.

As reflected by the docket in the Albers' California lawsuit, on February 24, 2012, the Los Angeles Superior Court proceeded to enter judgment in favor of the Albers and against Naegele, in the amount of $781,831.25. The Superior Court docket also reflects that Naegele appealed that judgment to the Second Appellate District of the California Court of Appeal on April 5, 2012, and his appeal remains pending to this day.[4]

Back in this case, the Albers filed a motion for a ruling on their motion to dismiss on February 23, 2012. (Dkt. No. 106). Shortly thereafter, on March 9, 2012, Judge Urbina issued a Memorandum Order granting Naegele's request to file a Second Amended Complaint, largely based on the fact that the Albers failed to oppose Naegele's motion. (*See* Dkt. No. 107).[5] In turn, Judge Urbina denied the Albers' motion to dismiss, reasoning that "[b]ecause the plaintiff's amended complaint supersedes the original complaint, the defendants' motion to dismiss must be

---

[4] Based on the Court's review of the docket in the California appeal, it appears the parties are still engaged in briefing and no date has been set for oral argument. *See Albers et al. v. Naegele et al.*, Case No. B240455 (Cal. Ct. App. 2d. App. Dist.).

[5] Through his Second Amended Complaint, Naegele added five additional counts to his lawsuit, all of which are pled against both the Albers and Michaelson (who had previously been dismissed from this action altogether): Intentional Infliction of Emotional Distress (*Count IX*); Conspiracy to Commit Intentional Infliction of Emotional Distress (*Count X*); Negligent Infliction of Emotional Distress (*Count XI*); Malicious Prosecution (*Count XII*); and Conspiracy to Commit Malicious Prosecution (*Count XIII*). (*See* Dkt. No. 109).

denied as moot." (*See* Minute Entry, Mar. 9, 2012). Naegele's Second Amended Complaint was filed on March 9, 2012, (Dkt. No. 109), and shortly thereafter, Naegele filed a "Motion for Reconsideration" of his "Rejection of Arbitration Award and Motion for Trial" on April 9, 2012. (Dkt. No. 110). This case was then transferred to the undersigned on April 20, 2012.

## Basis for Order to Show Cause

At this juncture, the only matter pending before the Court is Naegele's "Motion for Reconsideration," (Dkt. No. 110), through which Naegele asks the Court to entertain the relief he sought long ago in his "Rejection of Arbitration Award and Motion for Trial," (Dkt. No. 64). Naegele's "Rejection" and "Motion for Trial" was filed pursuant to California Business and Professions Code § 6204, which effectively allows any party dissatisfied with the results of non-binding fee arbitration under the MFAA to seek a trial *de novo* following the issuance of an award. *See* CAL. BUS. & PROF. CODE § 6204. The statute provides that, "[i]f there is an action pending, the trial after arbitration shall be initiated by filing a rejection of the arbitration award and request for trial after arbitration in that action within 30 days after service of notice of the award." *Id.* § 6204(b). These provisions, however, are subject to one important exception: "if either party willfully fails to appear at the arbitration hearing . . ., that party shall not be entitled to a trial after arbitration." *Id.* § 6204(a). Under the statute, "[t]he determination of willfulness shall be made by the court," although "the court may consider any findings made by the arbitrators on the subject of a party's failure to appear." *Id.*

As preliminary matters, it appears to the Court that Naegele properly filed his "Rejection" and "Motion for Trial" in this case and with this Court, and that he did so in a timely manner. First, the statute expressly provides that "if there is an action pending," the rejection should be filed in that action. *Id.* § 6204(b). According to the California Court of Appeal, "the term

8

'action pending' used in the MFAA refers to a lawsuit in which the parties include both the attorney and the client who had their fee dispute arbitrated," and consists of "the type of action described in [California] Business and Professions Code section 6201." *Loeb v. Record*, 162 Cal. App. 4th 431, 445 (Ct. App. 2008) (concluding that personal injury action between client and his attorneys was not "action pending" under MFAA). *Compare* CAL. BUS. & PROF. CODE § 6201(a) (encompassing actions "for recovery of fees, costs, or both"). Inasmuch as this lawsuit concerns Naegele's attempt to recover fees from the Albers, and since it was pending at the time the arbitration award was issued, Naegele properly sought relief under § 6204(b) with this Court. Second, Naegele filed his original "Rejection" and "Motion for Trial" on February 22, 2005, within thirty days after the underlying arbitration award was served on January 24, 2005. (*See* Dkt. No. 64). In denying that motion without prejudice, Judge Urbina's ruling indicated that the thirty-day window under § 6204(a) would not bar Naegele from renewing his request at the appropriate juncture—i.e., after the jurisdictional issues raised in the Albers motion to dismiss had been resolved. (*See* Minute Entry, Aug. 8, 2005) ("*Because the court is on notice of the plaintiff's objection to the arbitration award*, and in light of the defendants' pending motion to dismiss, the court denies without prejudice the plaintiff's motion for trial.") (emphasis added). Ultimately, once the Albers' motion was denied as moot—albeit nearly seven years later on March 9, 2012—Naegele promptly renewed his request under § 6204, filing a "Motion for Reconsideration" on April 9, 2012. (Dkt. No. 110). In view of all this, Naegele's request for relief under § 6204 was timely and appropriately filed with this Court.

With these threshold issues addressed, the Court now turns to the predicament at hand. By way of his "Rejection" and "Motion for Trial," Naegele seeks a trial *de novo* on the claims adjudicated in the underlying fee arbitration with the L.A. County Bar Association's Dispute

Resolution Services.  In objecting under California Business and Professions Code § 6204, Naegele appears to have pursued the proper avenue of relief to prevent the arbitration award from becoming final and binding.  *See, e.g.*, *Loeb*, 162 Cal. App. 4th at 443 ("[A]n arbitration award rendered under the MFAA becomes binding if it is not challenged by the proper procedure.  Specifically, the award is not binding if either party initiates a trial after arbitration within 30 days after mailing of the notice of the award.") (internal citation omitted).   While the instant action was pending, however, the Albers commenced an independent lawsuit in California Superior Court to confirm the fee award issued by the arbitration panel.  Although Naegele ultimately made some efforts to stay the California lawsuit—though only after that case had been active for more than three years—his efforts proved unsuccessful, and he was unable to convince Judge Urbina to stay those proceedings.  Furthermore, although he could have done so, Naegele elected not to appeal that ruling to the D.C. Circuit.  As it happened, the Los Angeles Superior Court subsequently confirmed the Albers' arbitration award and entered a judgment in their favor on February 24, 2012.  And at this point in time, although Naegele has appealed the Superior Court's decision to the California Court of Appeal, the underlying judgment against Naegele remains on the books.

Here lies the problem: the Albers' California litigation overtook this action, and the fee dispute between Naegele and the Albers proceeded to judgment in California state court.  In the Court's view, not only does that state court judgment severely inhibit this Court's ability to afford Naegele the relief he seeks, but it also seems that it may tie this Court's hands altogether under long-settled principles of preclusion and *res judicata*.

The Court initially considered whether the entry of the Albers' state court judgment divested this Court of jurisdiction altogether under the *Rooker-Feldman* doctrine.  This doctrine,

derived from two Supreme Court decisions, "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)).  More recently, however, in response to concerns that the doctrine was being "[v]ariously interpreted in the lower courts" and "construed to extend far beyond the contours of the *Rooker* and *Feldman* cases," the Supreme Court clarified the bounds of the doctrine's application and announced that "[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  The Court was also clear to emphasize that "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court."  *Id.* at 292.  Instead, the Court instructed, "[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation," and "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 292-93 (internal citations omitted); *see also id.* at 284 ("*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.").

In view of the Supreme Court's guidance in *Exxon Mobil*, the Court concludes that the *Rooker-Feldman* doctrine does not operate as a jurisdictional bar to Naegele's claims in this matter or to his objection under Section 6204(b).  At the same time, however, the Court cannot

11

simply turn a blind eye to the judgment entered in Los Angeles Superior Court, which may have a preclusive impact on these proceedings. *Exxon Mobil*, 544 U.S. at 293 ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment."). Indeed, under the Full Faith and Credit Clause, 28 U.S.C. § 1738, a federal court must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Id.* (internal citations omitted); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). And under California law—which this Court would necessarily look to in determining whether to apply the doctrine of *res judicata* to a California judgment—it is well settled that a judicially-confirmed arbitration award is afforded *res judicata* effect. *See* CAL. CIV. PROC. CODE §1287.4 ("If an [arbitration] award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification; and it may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification."); *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 50 (Ct. App. 2004) ("As a general matter, an arbitration award is the equivalent of a final judgment which renders all factual and legal matters in the award *res judicata*.").

Given the pendency of Naegele's appeal with the California Court of Appeal, however, the Albers' judgment is not yet "final" for purposes of *res judicata* under California law. *Agarwal v. Johnson*, 25 Cal. 3d 932, 954 (1979), *disapproved of on other grounds by White v. Ultramar, Inc.*, 21 Cal. 4th 563, 575 n.4 (1999) ("Under the California rule, the instant judgment . . . is not final for purposes of res judicata during the pendency of and until the resolution of the appeal."); *People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater*, 101 Cal. App. 3d 296, 306 (Ct. App. 1980) ("A judgment is not final while an appeal therefrom is pending."). But

regardless of how the California Court of Appeal rules on Naegele's claims, the outcome of that appeal will undoubtedly have an impact on the Court's path forward in this case. If the Albers' judgment remains in place, the California judgment will likely have *res judicata* impact on at least some aspects of this action. On the other hand, if the California Court of Appeal reverses the Superior Court's judgment, then this Court may be able to pass on Naegele's objection under Business and Professions Code § 6204(b) and his fee-based claims more generally.

Accordingly, the Court believes it appropriate at this juncture to stay the entirety of these proceedings pending the outcome of Naegele's appellate litigation in California. As Judge Urbina succinctly explained much earlier in this case:

> A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254-55). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

*Naegele*, 355 F. Supp. 2d at 140. Given the foregoing, the Court believes that the important interests of comity and "wise judicial administration" counsel in favor of a stay of this action. *See Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800 (1976); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349-53 (D.C. Cir. 1993) ("[P]arallel litigation of factually related cases is separate fora is inefficient."). While a district court's discretion to stay "for the purpose of judicial economy" is carefully circumscribed, the Court believes that this matter presents the sort of "exceptional circumstances" that warrant its application, *Handy*, 325 F.3d at 352-53, particularly given the fact that the California matter already progressed all the way to judgment and is presently positioned for review by the California Court of Appeal.

Finally, as a related matter, the Court observes that, regardless of how Naegele's California appeal is resolved, he may well be foreclosed from seeking a new trial under any circumstances if he "willfully fail[ed] to appear at the arbitration hearing." CAL. BUS. & PROF. CODE § 6204(a). Notably, the arbitration panel made several express findings on this issue, concluding that Naegele "willfully failed to appear at the hearing for non-binding arbitration and produce documents as required under the Rules." (Dkt. No. 92-3). While the issue is for a court to determine in the first instance, the statute plainly allows the reviewing court to consider "any findings made by the arbitrators on the subject of a party's failure to appear," and Naegele bears "the burden of proving that his failure to appear was not willful." *Id.*§ 6204(a); *see also Isaacson v. Maatuk*, No. B224217, 2011 Cal. App. Unpub. LEXIS 5653 (Ct. App. July 28, 2011) (affirming trial court's determination that attorney's failure to appear at non-binding MFAA arbitration was willful).

Accordingly, it is hereby **ORDERED** that:

1. Naegele shall **SHOW CAUSE** in writing: (1) as to why this Court should not **STAY** this action in its entirety pending a decision from the California Court of Appeal's Second Appellate District in Case No. B240455; and (2) as to why this Court should not find that Naegele willfully failed to appear at the arbitration hearing within the meaning of Section 6204(a). Naegele's response shall be filed by no later than May 10, 2013, and shall not exceed twenty-five (25) pages.

2. By this same date, Naegele shall separately file with the Court an appendix comprised of: (1) all of the filings in the California Superior Court action, *Raymond H. Albers II v. Timothy D. Naegele*, Los Angeles Superior Court, Northwest Division, Case No. LS018168, along with a copy of the docket sheet from that action; and (2) all of the

filings in his appeal with California Court of Appeal's Second Appellate District, *Albers et al. v. Naegele et al.*, Case No. B240455.

3. By no later than June 7, 2013, Defendants—Deanna Albers, Raymond Albers, and Lloyd Michaelson—may file a written response, not to exceed twenty-five (25) pages.

4. Thereafter, by no later than June 21, 2013, Naegele shall file his reply, if any, which shall not exceed ten (10) pages in length.

5. The Clerk is directed to mail a copy of this Order to Naegele and to each of the Defendants at their address of record on file with the Court.

**SO ORDERED.**

Date:  April 18, 2013

                                         ROBERT L. WILKINS
                                         United States District Judge