UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY D. NAEGELE,**  Plaintiff,  v.  **DEANNA J. ALBERS,** *et al.*  Defendants. | Civil Action No. 03-cv-2507 (RLW) |

### MEMORANDUM OPINION

This Court recently issued an Order to Show Cause directing Plaintiff Timothy Naegele ("Naegele") to address two points. First, the Court ordered Naegele to respond to its belief that a stay of this action seemed appropriate in view of the parallel California litigation between Naegele and Defendants Deanna J. Albers and Raymond H. Albers II (collectively, "the Albers"), presently pending in the California Court of Appeal. And second, the Court directed Naegele to explain why the Court should not conclude that he "willfully fail[ed] to appear at the arbitration hearing" before the Los Angeles Bar Association's Dispute Resolution Services ("DRS"), within the meaning of California Business and Professions Code § 6204(a). *See Naegele v. Albers*, -- F. Supp. 2d ---, 2013 WL 1679957 (D.D.C. Apr. 18, 2013). Naegele timely responded on May 6, 2013 (Dkt. No. 115), the Albers submitted their views on or about June 5, 2013 (Dkt. No. 120), and Naegele thereafter replied on June 21, 2013 (Dkt. No. 121). The Court has reviewed the parties' respective submissions and has undertaken the unenviable task of familiarizing itself with the convoluted docket in this case, which reaches back nearly an entire decade to December 2003. At this point, the only pending motion before the Court is Naegele's Motion for Reconsideration, through which he asks the Court to consider his "Rejection of

1

Arbitration Award and Motion for Trial." Finding that Naegele willfully failed to appear at the mandatory fee arbitration, the Court rules that he is not entitled to a trial *de novo* under § 6204, and that his Motion for Reconsideration (Dkt. No. 110)—and, in turn, his "Rejection of Arbitration Award and Request for Trial" (Dkt. No. 64)—must be **DENIED**. With that issue decided, the Court concludes that this action shall be **STAYED** in its entirety pending the final resolution of the ongoing litigation in California between Naegele and the Albers.

## BACKGROUND

The Court summarized the general backdrop of this litigation in its prior Opinion and finds no occasion to recount the case's tortured history afresh. Instead, the Court presumes familiarity with the case, setting forth only those facts bearing on the Court's findings as to Naegele's non-appearance at the mandatory fee arbitration initiated by the Albers.

Naegele, an attorney, previously represented the Albers in a lawsuit he prosecuted on their behalf in the U.S. District Court for the Central District of California and, later, on appeal to the U.S. Court of Appeals for the Ninth Circuit. Thereafter, the Albers apparently disagreed with the appropriateness of Naegele's legal fees and, pursuant to California's Mandatory Fee Arbitration Act ("MFAA"), CAL. BUS. & PROF. CODE §§ 6200, *et seq.*,[1] they invoked their statutory right to mandatory fee arbitration with DRS. Naegele, it seems, had other plans.

The Albers were represented in the fee arbitration by attorney Lloyd Michaelson ("Michaelson")—who, as it happens, also found himself entangled as a defendant in this action at one point.[2] Michaelson notified Naegele of the Albers' intention to proceed with mandatory

---

[1]   All further statutory references are to the California Business and Professions Code.

[2]   Michaelson submitted a declaration accompanying the Albers' response, wherein he asserts that he is "a *former* defendant in this action and was extricated from this litigation when the court granted a motion to dismiss for lack of personal jurisdiction." (Dkt. No. 120 at 10)

fee arbitration via letter dated August 28, 2003. (*See* Dkt. No. 120 at ECF pp. 15-16) ("[T]his correspondence is intended to place you on notice of the Albers['] intent to pursue their rights under the State Bar's Mandatory Fee Arbitration Program."). On September 4, 2003, Naegele's attorney, Lawrence Strauss, responded to Michaelson via letter, essentially disputing the Albers' ability to pursue fee arbitration under the MFAA; instead, Mr. Strauss emphasized the venue selection clauses included in various written fee agreements between Naegele and the Albers, directing that any disputes shall be litigated in the District of Columbia. (*See id.* at ECF pp. 18-19). Thereafter, on October 3, 2003, Naegele emailed the Albers directly and acknowledged receipt of Michaelson's letter, although he avoided mentioning (perhaps strategically) the Albers' impending fee arbitration. (*See id.* at ECF p. 43).

Naegele does not dispute this chain of events whatsoever. Instead, he coyly attempts to justify his actions by asserting that "[t]he first time [he] received a letter from the Los Angeles County Bar Association's Dispute Resolution Services—which is responsible for commencing or initiating the arbitration process—was on December 23, 2003, *after* the instant lawsuit had been filed." (Dkt. No. 115 at ECF p. 117 ¶ 4). This may be true, but in the Court's view, Naegele's

---

(emphasis added). Michaelson is correct. While Naegele purported to reassert claims against Michaelson in his Second Amended Complaint, the only jurisdictional facts Naegele alleges against Michaelson therein are that he "advised the Albers and conspired with them regarding [their conduct]," (Dkt. No. 109, Second Am. Compl. ¶ 2); but this assertion precisely mirrors the same jurisdictional allegations against Michaelson that appeared in his prior complaint, (Dkt. No. 7, First Am. Compl. ¶ 2). Thus, even treating Judge Urbina's earlier dismissal of Michaelson as having been without prejudice, Naegele offers no new jurisdictional facts that would establish that Michaelson is now subject to personal jurisdiction in the District of Columbia, and thus that would justify hauling Michaelson back into this dispute. Nor did Naegele's request to file his Second Amended Complaint lay out any such facts; instead, he alleged only that Michaelson "is seeking to do more damage to the plaintiff *in California* by having the arbitration award wrongfully confirmed." (*See* Dkt. No 93 at ECF p. 8) (emphasis added). But those allegations relate to Michaelson's claimed conduct *in California*, and thus offer no basis for the exercise of personal jurisdiction over Michaelson here in the District of Columbia. Accordingly, the Court agrees that Michaelson rightly remains dismissed as a defendant from this action.

carefully-crafted assertion misses the bigger picture. Even if the Albers' fee arbitration had not officially "commenced," as Naegele seems to suggest, he knew full well that they were in the process of asserting their rights under the MFAA. He proceeded to file this lawsuit anyway, presumably in an effort to win the proverbial "race to the courthouse."[3] To make matters worse, even as the Albers subsequently struggled to preserve their MFAA rights by filing notices of stay in the instant action, Naegele's contumacious conduct continued. Naegele moved to strike the Albers' stay notices, he sought the entry of default against the Albers (and Michaelson), he moved for Rule 11 sanctions against both the Albers (and Michaelson), and more, until Judge Urbina ultimately stayed this action for the first time on January 3, 2005.

Meanwhile, Naegele's "participation" in the DSR arbitration proceedings was no more commendable. Upon being formally notified of the arbitration proceedings, Naegele objected to the "jurisdiction" of DRS over his fee dispute with the Albers, relying on the above-referenced venue selection clauses. (*See, e.g.*, Dkt. No. 8-1). In response, both the Deputy Chair and the Chair of the L.A. County Bar Association's Attorney-Client Mediation and Arbitration Services reviewed and overruled Naegele's objections, concluding that DRS did, in fact, possess jurisdiction over the fee dispute under the MFAA. (*See* Dkt. Nos. 56-6, 56-7).[4] Despite these findings, Naegele's defiance of the arbitration proceedings persisted. Naegele submitted a "Memorandum Regarding the Absence of Jurisdiction" to the arbitration panel on April 29, 2004, continuing to contest DRS's jurisdiction. (*See* Dkt. No. 115 at ECF pp. 122-129). Moreover, according to Michaelson's sworn affidavit, the Albers requested in discovery a copy

---

[3]   Naegele's actions in this regard are even more troubling when considering the fact that he was statutorily obligated to provide the Albers with written notice of their right to pursue nonbinding arbitration under the MFAA before commencing his lawsuit. *See* § 6201(a).

[4]   As the Court previously noted, "Naegele even went so far as to appeal that determination to the California Supreme Court, where Naegele's petition for review was denied by former Chief Justice Ronald George on February 16, 2005." *Naegele*, 2013 WL 1679957, at *2 n.2.

of Naegele's litigation file covering the Albers' case, but Naegele never produced that file, even after the Albers filed a motion to compel and secured an order from the arbitration panel directing Naegele to comply.  (*See* Dkt. No. 120 at ECF p. 12 ¶ 4).  Naegele does not dispute these assertions.

Most significantly, Naegele failed to appear for the arbitration hearing on November 17, 2004.  While Naegele's attorney, Mr. Strauss, appeared, Naegele was nowhere to be found, effectively precluding both the Albers (*vis-à-vis* Michaelson) and the arbitration panel from examining or questioning him during the hearing.  Instead, Naegele prepared a "written statement for the record" continuing to contest the panel's jurisdiction and indicating, *inter alia*, that he would "consider responding only in writing to questions submitted by [the arbitration panel] or anyone else." (Dkt. No. 120 at ECF p. 33 ¶ I.D).

The arbitration panel subsequently rendered its award on January 14, 2005.  (*See* Dkt. No. 92-3).  In addition to finding in the Albers' favor, the panel separately found that Naegele "willfully failed to appear at the hearing for non-binding arbitration and produce documents as required under the Rules, and should not be entitled to a new trial after arbitration pursuant to Rule 40 of the Rules For Conduct of Arbitration of Fee Disputes and Other Related Matters for the Los Angeles County Bar Association Dispute Resolution Services, Inc." (*Id.* at ECF p. 25). The arbitration panel made other express findings to this effect, as well:

> [T]he conduct of Naegele upon learning of the decision of John S. Chang, Presiding Arbitrator for the State Bar of California Office of Mandatory Fee Arbitration, that this panel did have jurisdiction to adjudicate the fee dispute between Albers and Naegele, in not appearing as he was compelled to do, and in refusing to produce the Albers' file as he was required to do by Business and Professions Code 6200 applicable to the arbitration hearing, was willful.

(*Id.* at ECF p. 24).  Before rendering its willfulness finding, it appears the panel offered Naegele a chance to explain why his non-appearance at the hearing should not be construed as willful,

5

and Mr. Strauss sent a response on November 22, 2004, claiming that "[a]ny suggestion that Mr. Naegele willfully failed to appear is untrue." (Dkt. No. 115 at ECF p. 111). As set forth therein, Naegele justified his non-appearance as follows:

> Because [the panel] [did] not have jurisdiction to decide [the] case, the Notice to Appear and Produce Documents was properly objected to and not acted upon by Mr. Michaelson, and the basic requirements of due process [had] been denied to [Naegele], there was no reason for Mr. Naegele to attend and he acted on the advice of counsel. Thus, it is indisputable that he did not willfully fail to appear.

(*Id.* at ECF p. 112). The panel, much like this Court, was unconvinced.

Following issuance of the arbitration award, Naegele filed a "Rejection of Arbitration Award and Request for Trial" in this Court on February 22, 2005, invoking § 6204.[5] (Dkt. No. 64). Judge Urbina initially denied Naegele's "Request for Trial" without prejudice on August 8, 2005, and Naegele has since filed a Motion for Reconsideration, asking the Court to revisit his "Request for Trial." The case was then transferred to the undersigned, and the Court recently issued an Order to Show Cause directing Naegele to address two issues: (1) why the Court should not stay this action, and (2) why the Court should not find that he willfully failed to appear at the arbitration hearing. Both Naegele and the Albers submitted responses, and the Court now addresses both of these issues.

## ANALYSIS

**A. Naegele Willfully Failed to Appear at the Arbitration Hearing**

California's Legislature "created the MFAA as a separate and distinct arbitration scheme applicable to disputes between clients and attorneys over legal fees, costs, or both." *Rosensen v. Greenberg Glusker Fields Claman & Machtinger LLP*, 203 Cal. App. 4th 688, 693 (Ct. App.

---

[5] Although issued on January 14, 2005, Naegele was apparently not served with a copy of the award until January 25, 2005, which means that his objection was filed within the 30-day time limit prescribed by § 6204(a).

2012).  As explained by the California Supreme Court, the MFAA was "designed to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney."  *Maynard v. Brandon*, 36 Cal. 4th 364, 377 (2005) (internal citation and quotation marks omitted).  "One of the distinct characteristics of arbitration under the MFAA is that it is voluntary for the client and mandatory for the attorney if commenced by the client."  *Loeb v. Record*, 162 Cal. App. 4th 431, 442 (Ct. App. 2008).  That is, "whereas a client cannot be forced under the MFAA to arbitrate a dispute concerning legal fees, at the client's election an unwilling attorney can be forced to do so."  *Aguilar v. Lerner*, 32 Cal. 4th 974, 984 (2004).

Under the MFAA, arbitration is "nonbinding unless the parties agree in writing to make it binding."  *Glaser, Weil, Fink, Jacobs & Shapiro, LLP v. Goff*, 194 Cal. App. 4th 423, 439 (Ct. App. 2011).  Absent such an agreement, either party dissatisfied with the arbitration may generally seek a trial *de novo* within 30 days of the arbitration proceedings.  § 6204(a).  If there is an "action pending," then "the trial after arbitration shall be initiated by filing a rejection of arbitration award and request for trial after arbitration in that action within 30 days after mailing of the notice of the award."  § 6204(c); *see also Schatz v. Allen Matkins Leck Gamble & Mallory LLP*, 45 Cal. 4th 557, 566 (2009).  By timely and properly seeking a trial after arbitration, it is "essentially as if no arbitration had occurred."  *Maynard*, 36 Cal. 4th at 373-74 ("[A] request for a trial after arbitration nullifies an award issued by an arbitration panel.").  Conversely, "an arbitration award rendered under the MFAA becomes binding if not challenged by the proper procedure," and the statute "places the burden on the party dissatisfied with the arbitration award to take steps to prevent the award from becoming binding."  *Loeb*, 162 Cal. App. 4th at 443.

7

Notably, the MFAA's trial *de novo* procedure is subject to one important exception: "[I]f either party willfully fails to appear at the arbitration hearing . . . that party shall not be entitled to a trial after arbitration." § 6204(a). Under the statute, "[t]he determination of willfulness shall be made by the court," although in reaching its determination, "the court may consider any findings made by the arbitrators on the subject of a party's failure to appear." *Id.*; *see also Liska v. The Arns Law Firm*, 117 Cal. App. 4th 275, 285 (Ct. App. 2004). In addition, "[t]he party who failed to appear at the arbitration shall have the burden of proving that the failure to appear was not willful." § 6204(a).

With these standards in mind, the Court finds that, although Naegele filed a timely rejection of award and request for trial, he is not entitled to a trial *de novo* from the Albers' fee arbitration proceedings because he willfully failed to appear at the arbitration hearing.[6]

To begin with, there is no dispute that Naegele failed to attend the arbitration hearing, nor is there any dispute that Naegele was aware that the arbitration hearing was scheduled to take place on November 17, 2004. As set forth in Michaelson's affidavit, he served Naegele with a "Notice to Appear" at the arbitration on November 17, 2004, pursuant to which Naegele was to personally appear at the hearing, along with a copy of the Albers' litigation file. (*See* Dkt. No. 120 at ECF p. 12 ¶ 5).[7] Despite this, Naegele failed to appear at the hearing, choosing instead to

---

[6] In his written response, Naegele seems to suggest that the Court already ruled that the arbitration award is not final and binding. (*See* Dkt. No. 115 at ECF p. 15). The Court made no such finding, and to the extent that the language used in its earlier Memorandum Opinion could be construed as such, the Court expressly disclaims any such ruling herein. The Court was simply observing that as a general matter, it appears Naegele pursued the proper procedural approach under § 6204, presuming he was not otherwise barred from invoking its trial *de novo* relief. But the Court clearly reserved judgment on the very issue it decides today—whether Naegele willfully failed to appear at the hearing and thus is entitled to a trial *de novo*.

[7] The Court observes that the particular exhibit attached to Michaelson's declaration appears to be a "Notice to Appear and Produce Documents at Arbitration in Lieu of Subpoena" served on Naegele in advance of the *original arbitration date of July 21, 2004*. (*See* Dkt. No.

submit a "written statement" on his own behalf, through which he confirmed that he would not personally appear at the November 17th hearing date and that he "will *consider* responding *only in writing* to questions submitted by [the panel] or anyone else."  (*See id.* at ECF pp. 33-39) (emphasis added).  In view of these facts, the Court has no trouble finding that Naegele was fully aware of the arbitration hearing, and that he failed to appear notwithstanding.

While the Court recognizes that Naegele's attorney, Mr. Strauss, did attend the hearing and made some semblance of a presentation on Naegele's behalf, this does not excuse or obviate the failure of Naegele—the actual party to the proceedings—to personally appear.  By refusing to participate in the arbitration proceedings and attend the hearing himself, Naegele substantially complicated the panel's ability to effectively and efficiently adjudicate the dispute, and he completely precluded the Albers from cross-examining him and from otherwise obtaining information that was critical to their case—most notably, a copy of their litigation file from Naegele.  Indeed, despite Mr. Strauss' attendance, the arbitration panel expressly noted the limited benefit of his involvement in the absence of his client, Naegele:

> [Mr.] Strauss made an opening statement and final argument, and cross-examined the Albers.  He presented a written statement by Naegele and a copy of the fee agreement.  He denied knowledge of the whereabouts of the Albers file, and why Nagele failed to appear for arbitration, except to say that Naegele continued to contest the jurisdiction of this arbitration process.
>
> It would have been extremely helpful to the panel to have Naegele's direct testimony as well as his testimony under cross-examination, and beneficial to the panel to have Naegele produce the entire file for which he billed the Albers $782,880.52 in prosecuting the actions to a dismissal on technical grounds.

---

120 at ECF pp. 27-30).  However, Michaelson specifically avers that he served a similar notice leading up to the rescheduled November 2004 arbitration hearing date, and the Court has no reason to doubt this assertion, particularly in the absence of any contrary indication on Naegele's part.  The arbitration panel's award also confirms as much: "Naegele did not personally appear at the arbitration hearing, although he was served on October 15, 2004 with a Notice to Appear and Produce Documents at Arbitration in Lieu of Subpoena pursuant to Civil Code Section 1987(b) by the Albers' attorney."  (*See* Dkt. No. 92-3 at ECF p. 23).

9

(Dkt. No. 92-3 at ECF p. 24). The Court thus finds that Naegele knowingly failed to appear at the arbitration hearing within the meaning of § 6204(a), which means that the only remaining question is whether Naegele's failure to appear was willful.

The Court easily concludes that it was. Naegele fails to provide any meaningful or legitimate explanation for his absence, instead describing this issue as a "red herring." As Naegele sees things, "[b]ecause [he] declined binding arbitration, and the arbitration proceedings were 'illegal'—owing to the absence of jurisdiction and the arbitrators' failure to compel arbitration—there was no reason, much less a legal requirement for [Naegele] to attend the arbitration hearing." (Dkt. No. 115 at ECF p. 13). The Court disagrees, and Naegele's purported justification only serves to confirm the Court's assessment—his refusal to appear was deliberate.

In addition, while there is little precedent addressing the concept of "willful failure to appear" within the meaning of § 6204(a), the few cases that the Court was able to locate add support to its conclusion. In *Isaacson v. Maatuk*, the California Court of Appeal affirmed the trial court's conclusion that an attorney willfully failed to appear at an MFAA arbitration where the attorney, who had received notice of the hearing, did not appear and notified the arbitrator on the day of the hearing that he was "engaged on another matter and was not available for the arbitration." *Id.*, No. B224217, 2011 WL 3211110, at *3, *4-6 (Cal. Ct. App. July 28, 2011). In so concluding, the court rejected the proposition that a reviewing court must "make a finding of premeditated, intentional and purposeful action," explaining instead that it is the non-appearing party's "obligation to prove this his failure to appear was not willful." *Id.* at *4-5. Similarly, in *Langdell v. Steinberg*, the California Court of Appeal "defer[red] to the Superior Court's implicit determination that [a] failure to appear was willful," where the party requested a continuance of the hearing due to prescheduled travel and subsequently did not appear when the arbitrators

refused to continue the hearing. *See id.*, No. A132292, 2012 WL 3578599, at *1, *4 (Cal. Ct. App. Aug. 21, 2012). In the Court's view, these cases bolster the conclusion that Naegele's failure to appear at the arbitration hearing was willful—indeed, the willfulness of Naegele's conduct is even more apparent than in *Isaacson* or *Langdell*. Naegele has never asserted that he was facing scheduling difficulties or had some other obligation on November 17, 2004, nor did he ever contact the arbitration panel to seek a continuance of the hearing, as was alleged in those cases. Instead, Naegele made a calculated, deliberate decision not to appear at the hearing (albeit ostensibly based on his belief that the arbitration lacked jurisdiction and that he was not required to appear).[8] In the Court's eyes, Naegele's actions were indubitably willful.[9]

Finally, although not bound by the arbitration panel's findings, the MFAA expressly permits the Court to consider those findings "on the subject of a party's failure to appear." § 6204(a). In this case, the arbitration panel found as follows:

---

[8] To be sure, Naegele made his jurisdictional objections abundantly clear for the record, and DRS considered his arguments and ultimately disagreed, finding jurisdiction. Had Naegele simply participated in the arbitration proceedings and appeared for the hearing notwithstanding—obviously preserving his objections along the way (as he did)—and thereafter filed a timely request for trial (as he did), it seems he could have achieved the very result he was seeking: to have the fee dispute and his related claims adjudicated anew before this Court as though the MFAA arbitration had never happened. *Maynard*, 36 Cal. 4th at 374 ("[F]or the most part a trial following fee arbitration proceeds in the trial court as if there had been no arbitration at all."). Instead, Naegele doubled down on his obstinance, refusing to abide by the MFAA's provisions and willfully failing to appear at the arbitration hearing.

[9] Relatedly, the California Supreme Court has observed that an attorney may be held in contempt of court for "willfully" failing to appear in court "when an attorney is aware of an order requiring his or her appearance in court, and the attorney has the ability to appear but knowingly and intentionally does not appear." *In re Aguilar*, 34 Cal. 4th 386, 389-90 (2004) (collecting cases). Although not a direct analogue, in the absence of any other authority more squarely on point, the Court finds this statement instructive, and Naegele's conduct is essentially consistent with the standard laid out therein. While Naegele may not have been under a *court order*, so to speak, there is no dispute that he had been served with the equivalent of a subpoena to appear at the hearing, and that he knowingly and intentionally refused to appear regardless. Thus, under the standard articulated in *Aguilar*, Naegele's failure to appear was "willful."

> Naegele did not personally appear at the arbitration hearing, although he was served on October 15, 2004 with a Notice to Appear and Produce Documents at Arbitration in Lieu of Subpoena pursuant to Civil Code Section 1987(b) by the Albers' attorney.  Previously, on a Motion by the Albers, the arbitration panel ordered that Respondent Naegele produce the Albers' file in regard to the arbitration proceeding.  This was never done.
>
> \* \* \* \*
>
> [T]he conduct of Naegele upon learning of the decision of John S. Chang, Presiding Arbitrator for the State Bar of California Office of Mandatory Fee Arbitration, that this panel did have jurisdiction to adjudicate the fee dispute between Albers and Naegele, in not appearing as he was compelled to do, and in refusing to produce the Albers' file as he was required to do by Business and Professions Code 6200 applicable to the arbitration hearing, was willful.

(Dkt. No. 92-3 at ECF p. 24).  The panel reiterated these findings elsewhere in the award:

> The panel finds Naegele willfully failed to appear at the hearing for non-binding arbitration and produce documents as required under the Rules, and should not be entitled to a new trial after arbitration pursuant to Rule 40 of the Rules For Conduct of Arbitration of Fee Disputes and Other Related Matters for the Los Angeles County Bar Association Dispute Resolution Services, Inc.

(*Id.* at ECF p. 25).  Again, while the findings of the arbitration panel are concededly not binding or dispositive, the Court nevertheless finds it significant that the panel's assessment is consistent with the Court's, particularly since the panel was obviously much more closely involved with Naegele's conduct throughout the arbitration proceedings.[10]

In sum, the Court concludes that Naegele willfully failed to appear at the arbitration hearing on November 17, 2004, which means that he is unable to pursue a trial *de novo* and that the award rendered by the arbitration panel is binding.  §§ 6203(b), 6204(a).

---

[10] Nor is the Court persuaded by Naegele's assertion that his failure to appear was on advice of counsel.  Naegele is, himself, an attorney with decades of experience.  He cannot claim ignorance as to his statutory obligations under the MFAA—by which all practicing attorneys in the State of California are bound.

### B. The Court Stays This Action Pending Completion of the California State Court Litigation Between Naegele and the Albers

With that issue decided, the Court concludes, for the reasons laid out in its earlier Opinion, *see Naegele*, 2013 WL 1679957, at *4-8, that the most appropriate course of action at this point is to stay this action pending a final outcome of the California litigation that remains ongoing between Naegele and the Albers. As set forth in the accompanying Order, the parties are directed to file a status report with the Court once the Second Appellate District of the California Court of Appeal issues its decision in *Albers, et al. v. Naegele, et al.*, Case No. B240455, and the Court will make a determination as to how best to proceed at that time.[11]

### CONCLUSION

For the reasons explained herein, the Court concludes that Naegele willfully failed to appear at the arbitration hearing initiated by the Albers under the MFAA, which means that his Motion for Reconsideration and Request for Trial under § 6204(a) must be **DENIED**. In addition, the Court finds that this action should otherwise be **STAYED** in its entirety pending the completion of the ongoing California litigation between Naegele and the Albers.

Date: July 18, 2013

 ROBERT L. WILKINS
 United States District Judge

---

[11] The Court emphasizes that it offers no view at this juncture as to the preclusive effect of the arbitration award, nor has the Court made any findings as to any preclusive effect of the Los Angeles Superior Court's decision (or the California Court of Appeal's impending decision) on the viability of Naegele's claims in this action. Those matters will be addressed, if appropriate, at a future point in these proceedings.